UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Richard D. Vermeulen,

             Debtor

Chapter 13
Case No. 20-10416

**ORDER OVERRULING OBJECTION TO EXEMPTION**

      The Debtor asserts that he is the owner, as a joint tenant with his spouse, of real property located at 380 Hope Road in Lincolnville, Maine. [Dkt. No. 12.] He values the property at $180,000 and his interest in the property at $90,000. He claims an exemption in the property in the amount of $90,000 under Me. Rev. Stat. Ann. tit. 14, § 4422(1).

      A creditor, Brian Jones, has objected to this claimed exemption on three grounds. [Dkt. No. 31.] First, Jones asserts that, as of the petition date, there was not a habitable structure on the property and the Debtor was living in a mobile home (located on the real property), rendering the Debtor unable to exempt the real property as his residence under section 4422(1). Second, Jones alleges that the tax-assessed value of the real property on the petition date was only $40,700, and the Debtor's interest was worth only half that amount, leaving him able to exempt a maximum of $20,350 if the exemption is allowed in any amount. Third, Jones objects to the claimed exemption to the extent that the proceeds used to acquire the Lincolnville property were not specifically derived from the Debtor's prepetition sale of his prior residence.

      To the extent that these objections incorporate factual allegations, the Debtor denies them. *See* [Dkt. No. 39]. According to the Debtor, he and his spouse acquired undeveloped land in Lincolnville with the proceeds of the sale of their prior residence, and then started building a home on the land. He states that he acquired a mobile home and placed it on the Lincolnville land to

provide additional comforts while construction continues. He also defends his estimated value of the property in Lincolnville, asserting that the land cost $65,000, a well cost $5,000, site work cost $35,000 and the initial building contractor expense was $30,000.

During a hearing on December 17, 2020, Jones abandoned the third basis of his objection (i.e., the tracing basis), but continued to press the other two grounds. *See* [Dkt. No. 49]. Jones urged the Court to extend the holding of Rockwell v. Hull (In re Rockwell), 968 F.3d 12 (1st Cir. 2020) to conclude that the value of property claimed as exempt is fixed as of the petition date. For his part, the Debtor represented that he and his spouse are living in the unfinished structure on the Lincolnville land, not in the mobile home. Both the Debtor and Jones observed that any post-petition increase in the value of the Lincolnville property may be an issue for confirmation of the Debtor's plan. Neither party asked for an evidentiary hearing, and the Court took the matter under advisement.

Because Jones has not met his burden of proving that the residence exemption was improperly claimed, his objection cannot be sustained. *See* Fed. R. Bankr. P. 4003(c). He asserts that the value of the exemption, if any exemption is allowed, should be capped at the prepetition, tax-assessed value of the property. Yet, the Debtor has alleged—without contest—that he has improved the property since he acquired it. Even putting the effect of these improvements on value aside, the tax-assessed value (as shown on the assessor's records as of the petition date) may not reflect the fair market value of the property as of the petition date. These considerations alone weigh heavily against Jones's attempt to fix the value of the exemption at the asserted tax-assessed value of the property.

The Court is also unpersuaded as a matter of law. As Jones conceded during the hearing, the "snapshot rule" articulated in Rockwell is not determinative here. The "snapshot" mandated

by that decision is broad enough to accommodate the Debtor's present intention to utilize the Lincolnville property as his residence. Caselaw in this District supports the theory of constructive occupancy, and that caselaw is not inconsistent with the "snapshot rule" established in Rockwell. Under the circumstances, the Court is not persuaded that the holding of Rockwell should be extended in the manner urged by Jones.

Jones's objection to the claimed exemption is therefore OVERRULED without prejudice to any objection that he might raise to confirmation of the Debtor's plan under 11 U.S.C. § 1325(a)(4).

Dated: January 21, 2021

                                              Michael A. Fagone
                                              United States Bankruptcy Judge
                                              District of Maine